**SO ORDERED.**

**SIGNED this 31 day of January, 2025.**



_____
**Robert M. Matson
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-10485-RMM |
| American Dental of LaGrange, LLC | ) | |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| Halo Human Resources, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adv. Proc. No. 24-01004-RMM |
| vs. | ) | |
| | ) | |
| American Dental of LaGrange, LLC | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**MEMORANDUM OPINION ON MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Adversary Proceeding [Doc. 8] ("Motion to Dismiss") and the Response to Defendant's Motion to Dismiss

1

Adversary Proceeding [Doc. 11] ("Response") filed by Halo Human Resources, LLC ("Plaintiff").

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the U.S. District Court for the Middle District of Georgia's Amended Standing Order of Reference, General Order 2012-1 (Feb. 21, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I. Procedural Background

On May 24, 2024, American Dental of LaGrange, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, commencing the above-styled Chapter 11 bankruptcy case.[1] The Debtor filed its petition along with two affiliated entities—American Dental of Fitzgerald, LLC and American Dental of Eastman, LLC ("Affiliated Debtors," and together with Debtor, "Debtors").[2] Each of the Debtors elected to proceed under Subchapter V of Chapter 11. Pursuant to orders entered June 3, 2024, the Debtor's bankruptcy cases were and have been jointly administered under Case No. 24-10482-RMM.[3]

In the bankruptcy proceedings, the Debtors sought authority to sell substantially all of their assets.[4] The Court authorized the proposed sale of the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.
[2] *See In re American Dental of Fitzgerald LLC*, Case No. 24-10482-RMM (May 24, 2024); *In re American Dental of Eastman LLC*, Case No. 24-10484-RMM (May 24, 2024).
[3] *See* Doc. 29, Case No. 24-10482-RMM; Doc. 18, Case No. 24-10484; Doc. 28, Case No. 10485.
[4] *See* Motion of Debtors for an Order: (a) Authorizing and Approving Sale of Substantially All Assets of Debtors Pursuant to 11 U.S.C. § 363 and F.R.B.P. 6004 Free and Clear of Liens, Claims, and Interests; (b) Determining the Value of Property Securing Liens and Fixing Amount of Resulting Liens Under 11 U.S.C. § 506(a) and F.R.B.P. 3012; (c) Authorizing Assumption and Assignment of Certain

2

Debtors' assets, which subsequently closed on September 6, 2024.[5] As to the Debtors' Chapter 11 plans, the Debtor and American Dental of Fitzgerald LLC filed plans of liquidation, while American Dental of Eastman LLC filed a plan of reorganization.[6]

Plaintiff initiated this adversary proceeding on September 25, 2024, with a Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a) [Doc. 1] ("Complaint"). On October 3, 2024, Plaintiff also objected to confirmation of the Debtor's plan.[7] On October 16, 2024, Plaintiff and the Debtor entered into a stipulation to resolve the Plaintiff's objection to confirmation, resulting in Plaintiff withdrawing its objection.[8]

On October 30, 2024, the Court confirmed each of the Debtors' plans.[9] Relevant here, the Court confirmed the Debtor's plan pursuant to 11 U.S.C. § 1191(a).

---

Related Executory Leases and Contracts Pursuant to 11 U.S.C. § 365 and F.R.B.P. 6003 and 6006; and (d) Granting Other Relief, Doc. 90, Case No. 24-10482-RMM (Aug. 2, 2024) ("Debtors' Sale Motion").
[5] *See* Amended Order Granting Debtors' Sale Motion, Doc. 115, Case No. 10482-RMM (Sept. 5, 2024); Debtors' Report of Sale Closing, Doc. 137, Case No. 24-10482-RMM (Oct. 22, 2024).
[6] *See* Subchapter V Plan of Liquidation of Debtor American Dental of LaGrange, LLC, Doc. 49, Case No. 24-10485-RMM (Aug. 22, 2024); First Modification Before Confirmation to the Subchapter V Plan of Liquidation, Doc. 61, Case No. 10485-RMM (Oct. 15, 2024); Subchapter V Plan of Liquidation of Debtor American Dental of Fitzgerald, LLC, Doc. 102, Case No. 10482-RMM (Aug. 22, 2024); First Modification Before Confirmation to the Subchapter V Plan of Liquidation, Doc. 131, Case No. 10482-RMM (Oct. 15, 2024); Subchapter V Plan of Reorganization of Debtor American Dental of Eastman, Doc. 50, Case No. 24-10484-RMM (Aug. 22, 2024); First Modification Before Confirmation to the Subchapter V Plan of Reorganization, Doc. 59, Case No. 24-10484-RMM (Oct. 15, 2024).
[7] *See* Halo Human Resources, LLC's Objection to Plan, Doc. 58, Case No. 24-10485-RMM (Oct. 3, 2024).
[8] *See* Withdrawal of Objection to Confirmation Filed by Halo Human Resources, LLC and Stipulation Resolving Objection to Confirmation, Doc. 63, Case No. 24-10485-RMM (Oct. 16, 2024). As it pertains to this adversary proceeding, this document states the parties "acknowledge that Halo's withdrawal of the Objection shall not be construed as waving any claims or defenses by either party in the Adversary Proceeding."
[9] *See* Order Confirming Subchapter V Plan of Reorganization of Debtor American Dental of Fitzgerald, LLC, Granting Debtor's Motion to Modify Plan, and Setting Certain Plan-Related Deadlines, Doc. 139, Case No. 24-10482-RMM (Oct. 30, 2024); Order Confirming Subchapter V Plan of Reorganization of Debtor American Dental of Eastman, LLC, Granting Debtor's Motion to Modify Plan, and Setting Certain Plan-Related Deadlines, Doc. 64, Case No. 24-10484-RMM (Oct. 30, 2024); Order Confirming Subchapter V Plan of Reorganization of Debtor American Dental of LaGrange, LLC, Granting Debtor's Motion to Modify Plan, and Setting Certain Plan-Related Deadlines, Doc. 67, Case No. 24-10485-RMM (Oct. 30, 2024).

*See* Doc. 67, Case No. 24-10485-RMM, at 2 (stating "the Plan, as modified by the First Modification, is CONFIRMED in accordance with 11 U.S.C. § 1191(a)").

Also on October 30, 2024, the Debtor filed the Motion to Dismiss currently before the Court. Plaintiff filed its Response on November 25, 2024.

## II. Standard on a Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)[10]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining whether a complaint meets this standard is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense' in reviewing the plaintiff's allegations." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 679). *See also, e.g., Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 n.5 (11th Cir. 2010) ("a district court *must* examine a claim's context and 'draw on [the court's] judicial experience and common sense,' when evaluating whether a complaint sufficiently pleads a claim") (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

A complaint may also be subject to dismissal, at the pleading stage, on the basis of a dispositive issue of law. *See, e.g., Somohano v. PRA Receivables Mgmt. (In*

---

[10] Federal Rule of Civil Procedure 12(b)(6) is applicable here through Bankruptcy Rule 7012(b).

4

*re Somohano*),819 F. App'x 873, 875 (11th Cir. 2020) ("Rule 12(b)(6) of the Federal Rules of Civil Procedure 'authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). "Thus, a motion to dismiss for failure to state a claim must be granted 'if[,] as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (alteration in original) (quoting *Neitzke*, 490 U.S. at 327) (cleaned up).[11] "In ruling on a dispositive legal issue, the court also accepts all the factual allegations as true." *In re Old BBP, Inc.*, No. 19-12502 (LSS), 2020 WL 7074642, at *5 (Bankr. D. Del. Dec. 1, 2020).

Plaintiff's well-pleaded allegations—which the Court accepts as true for purposes of deciding the Motion to Dismiss—are set forth below.

### III. Plaintiff's Allegations & Claims

Plaintiff is a professional employer organization ("PEO") as that term is defined in O.C.G.A. § 34-7-6. It works as an employee leasing company as defined in O.C.G.A. §34-8-32 as a co-employer of a client's employees to facilitate and assist the client's administrative bookkeeping and payroll practices. Complaint at 1.

The Debtor has been a client company of Plaintiff since debtor executed a Client Services Agreement ("Agreement") with Plaintiff on February 27, 2017. Pursuant to the Agreement, Plaintiff provided PEO services to the Debtor. As part of the services provided to the Debtor by Plaintiff, it paid the employees of the Debtor in the ordinary course of business of Plaintiff and the Debtor. In addition, the Debtor

---

[11] Federal Rule of Civil Procedure 12(b)(6) applies to this proceeding pursuant to Bankruptcy Rule 7012(b).

5

authorized Plaintiff to draw on the Debtor's bank accounts to pay for payroll expenses and other charges that became due for Plaintiff's services to the Debtor. Complaint at 1–2.

The Debtor defaulted on its payment obligations under the Agreement. Complaint at 2. The Debtor then made intentionally false misrepresentations of fact to Plaintiff that the Debtor had on deposit sufficient funds to cover, via ACH payments, all the Debtor's payroll for the periods of time under default. Complaint at 2 & ¶ 18.

The Debtor requested Plaintiff to resubmit the ACH draws after the Debtor's bank initially, and then repeatedly denied and refused payment. The Debtor communicated those requests by emails and voice communications to Plaintiff. Nevertheless, funds were never deposited into the Debtor's bank account, as represented by them, to cover delinquencies as described above and to reimburse Plaintiff for the payroll expenses and other charges incurred by Plaintiff to pay the Debtor's payroll costs and expenses. Complaint at 2.

To recover the debt, on or about February 15, 2024, Plaintiff filed its initial Complaint against the Debtor, Michael A. Knight and Tennyson Zander in the Superior Court of Troup County, Georgia, Case No. 24-CV-0080 ("Superior Court Action"), arising out of breach of contract and fraud and misrepresentation. Complaint at 2 & ¶ 5. At the time of the filing, the Debtor was indebted to Plaintiff in the principal amount of $96,679.73, plus interest of not less than $2,900.39, and administrative fess of not less than $2,987.00, totaling an amount not less than

6

$102,567.12. Complaint at 2. The Debtor was properly served with a copy of the complaint on or about February 28, 2024. Complaint at 2 & ¶ 6. The Debtor and its co-defendants failed to file an answer as required by law. Complaint at 2 & ¶ 7.

On May 24, 2024, the Debtor commenced a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Action"). Complaint ¶ 8. The Debtor designated itself as a small business debtor and elected to proceed under Subchapter V of Chapter 11. Complaint ¶ 9. The Meeting of Creditors in the Bankruptcy Action was June 27, 2024. Complaint ¶ 10. The deadline to file a proof of claim in the Bankruptcy Action was August 2, 2024. Complaint ¶ 11.

On or about August 5, 2024, Plaintiff prepared and filed a Motion for Default Judgment in the Superior Court Action. The Order of Default was signed on August 13, 2024, against the Debtor and its co-defendants. Complaint at 2 & ¶ 12.

On or about September 9, 2024, the Debtor filed a Notice of Stay on Account of Bankruptcy. Prior to the filing the of the Notice of Stay, Plaintiff was not aware of the bankruptcy filing because the Debtor had failed to list Plaintiff as a creditor on its bankruptcy schedules. Complaint at 2–3 & ¶ 13. It is clear the Debtor had notice of Plaintiff's debt because it listed the pending Superior Court Action in its schedules but failed to list the underlying debt owed to Plaintiff or notice Plaintiff of the Bankruptcy Action. Complaint ¶ 27. By the time Plaintiff received notice of bankruptcy, the deadline for filing a proof of claim had passed. Complaint at 3. Plaintiff did not have an opportunity to attend the 341(a) meeting of creditors hearing or file a proof of claim. Complaint ¶ 28.

7

The Debtor intended to inflict injury on Plaintiff or was aware that the injury to Plaintiff was substantially certain to result from its conduct. Plaintiff proved the Debtor's intent by clear and convincing evidence that led to the Default Judgment. Complaint ¶ 34.

As a result of the Debtor's prior and continuing conduct, Plaintiff has suffered, and will further suffer, substantial damage in the amount of no less than $102,567.12. Complaint ¶ 20, 29. Plaintiff asks that this debt be declared nondischargeable under 11 U.S.C. § 523(a)(2), (3), and (6). Complaint ¶¶ 16–20 (as to § 523(a)(2)); ¶¶ 21–30 (as to § 523(a)(3)); ¶¶ 31–35 (as to § 523(a)(6)).

Plaintiff asserts these exceptions to discharge apply to the Debtor by operation of § 1192(2). Complaint ¶¶ 16, 21, 31 (stating, "11 U.S.C. § 1192(2) provides that a subchapter V debtor may not be discharged from debts of the kind specified in section 523(a)").

## IV. Debtor's Motion to Dismiss

The Debtor asserts the Complaint should be dismissed for three reasons. First, the Debtor asserts that the discharge provisions of § 1192—and, by extension, the discharge exceptions in § 523(a) on which Plaintiff relies—apply only to a debtor who confirms a plan under § 1191(b), and therefore do not and cannot apply to the Debtor, whose plan was confirmed under § 1191(a).

Second, the Debtor contends that even assuming its plan was confirmed under § 1191(b) and § 1192 does apply to the Debtor, § 1192(2) does not change the scope of the discharge exceptions identified in § 523(a), which apply only to individual debtors.

8

As such, Debtor argues, § 1192(2) can only apply to individual debtors, not to corporate debtors such as the Debtor.

And third, the Debtor asserts that no discharge has or will even be granted to the Debtor, as under § 1141(d)(3), a corporate debtor (such as the Debtor) who confirms a liquidating plan and stops operating a business (as did the Debtor) receives no discharge.

**V.    Analysis**

The Court agrees with the Debtor that the discharge provisions of § 1192 (and thus the discharge exceptions on which Plaintiff relies) do not apply to a debtor whose plan was confirmed under § 1191(a). As such, because the Debtor's plan was confirmed under § 1191(a), Plaintiff fails to state any claim under § 523(a)(2), (3), or (6) upon which relief may be granted.

As to the Debtor's alternative arguments for dismissal, the Court also explains below (1) why the Court need not determine whether § 523(a) applies to a corporate debtor who confirms a plan under § 1191(b) and (2) why § 1141(d)(3) provides no alternative grounds for the Court to grant the Motion to Dismiss.

**A.    Confirmation of Subchapter V Plans, Generally**

A Subchapter V debtor can obtain plan confirmation one of two ways: (1) by satisfying § 1191(a)'s requirements for confirming a consensual plan,[12] or (2) by satisfying § 1191(b)'s requirements for confirming a nonconsensual or "cramdown"

---

[12] A plan may be confirmed under § 1191(a) "only if all of the requirements of section 1129(a), other than paragraph (15) … are met." 11 U.S.C. § 1191(a).

plan.[13] *See, e.g., In re Palmer Drives Controls & Sys., Inc.*, 657 B.R. 650, 654 (Bankr. D. Colo. 2024) A plan confirmed under § 1191(a) is considered consensual because confirmation requires acceptance of all impaired classes, whereas a plan confirmed under § 1191(b) is considered nonconsensual because at least one impaired class has voted to reject it. *See, e.g., In re Trinity Fam. Prac. & Urgent Care PLLC*, 661 B.R. 793, 811 (Bankr. W.D. Tex. 2024). ("Because § 1129(a)(8) requires acceptance of the plan by all impaired classes, confirmation of a subchapter V plan under § 1191(a) can occur only if all impaired classes have accepted the plan. … A subchapter V plan confirmed pursuant to § 1191(b) is generally referred to as a 'nonconsensual plan' or 'cramdown plan.'") If a subchapter V debtor is not able to obtain a consensual subchapter V plan under § 1191(a) because one or more impaired classes of claims or interests rejects the plan, then § 1191(b) sets forth the requirements for confirmation of a nonconsensual subchapter V plan."); *In re S-Tek 1, LLC*, No. 20-12241-J11, 2023 WL 1785711, at *10 (Bankr. D.N.M. Feb. 6, 2023) ("A plan confirmed under § 1191(a) is known as a consensual plan, because no class of impaired claims voted to reject the plan. … A plan confirmed under § 1191(b) is known as a nonconsensual plan.").

### B. Scope of the Chapter 11 Discharge

The scope of the Chapter 11 discharge and exceptions are generally governed by § 1141(d). Section 1141(d)(1)(A) broadly provides that confirmation of a Chapter 11 plan "discharges the debtor from any debt that arose before such confirmation,"

---

[13] A plan may be confirmed under § 1191(b) if it satisfies "all of the applicable requirements of section 1129(a) … other than paragraphs (8), (10), and (15)" and if it "does not discriminate unfairly" and is "fair and equitable" as to "each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1191(b).

10

except as otherwise provided in the plan or confirmation order, and except as otherwise limited by § 1141(d). 11 U.S.C. § 1141(d)(1)(A).

The phrase "any debt" logically includes debts of the sort identified in 523(a). As such, unless the plan provides otherwise, or unless another provision of § 1141(d) provides otherwise, confirmation of a Chapter 11 plan generally results in discharge of debts of the sort identified in § 523(a).

As it pertains to an *individual* Chapter 11 debtor, a discharge under § 1141(d) does *not* discharge debts of the sort identified in § 523(a). This is because those debts are specifically excepted from discharge by another provision of § 1141(d). *See* 11 U.S.C. § 1141(d)(2) ("A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."). This is consistent with § 523(a) itself, which expressly applies to an individual debtor who receives a discharge under § 1141. *See* 11 U.S.C. § 523(a) ("A discharge under section 727, **1141**, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge **an individual debtor** from any debt ….") (emphasis added).

As to a corporate debtor, however, § 1141(d) contains no such broad exception for all § 523(a) debts. *See generally* 11 U.S.C. § 1141(d)(1)–(6). Instead of a broad exception for all such debts, a corporate debtor's discharge is subject to a narrow exception relating to certain § 523(a) debts owed to a government. *See* 11 U.S.C. § 1141(d)(6) ("Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—(A)of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental

11

unit[.]"). This, again, is consistent with § 523(a) itself, which by its terms applies to individual debtors, not corporate debtors.

As a general matter, therefore, § 523(a) exceptions do not apply to a corporate debtor, and a corporate debtor's discharge under § 1141(d) encompasses debts of the kind identified in § 523(a). *See, e.g.*, *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834 (11th Cir. 1989) ("However, Section 523 is not applicable in this case. The Spring Valley defendants are corporate debtors. Section 523(a)(3) places a burden of inquiry upon a creditor only when the debtor is an 'individual debtor.' A corporate debtor is not an individual debtor for the purposes of Section 523. … 'It is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of 11 U.S.C.A. § 523.'") (quoting *In re Push & Pull Enter., Inc.*, 84 B.R. 546, 548 (N.D.Ind.1988)); *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (5th Cir. 1990) ("Moreover, the 'willful and malicious injury' exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate, debtors."); *In re BFW Liquidation, LLC*, 471 B.R. 652, 667 (Bankr. N.D. Ala. 2012) ("'If the debtor is not an individual, no proper question can be raised in a Chapter 11 case as to the dischargeability of a particular debt.' … Since BFW is not an *individual*, the part of Count Five which seeks a determination of non-dischargeability pursuant to section 523 fails to state a claim upon which relief may be granted and, therefore, must be dismissed and BFW's motion to dismiss

12

granted.") (quoting *Farm Fresh Poultry, Inc. v. Hooton Co. (In re Hooton Co.)*, 43 B.R. 389, 390 (Bankr. N.D. Ala.1984)).[14]

### C. Scope of Discharge in Subchapter V Cases

The provisions of § 1141(d) also apply to Subchapter V cases, with two exceptions. First, § 1141(d)(5) does not apply in Subchapter V. *See* 11 U.S.C. § 1181(a) ("Section[] … 1141(d)(5) of this title do[es] not apply in a case under this subchapter.") Section 1141(d)(5) by its terms applies only to individual debtors and is thus irrelevant to a corporate debtor, such as the Debtor.

Second—and most relevant to this case—§ 1141(d) does not apply when the debtor confirms a plan under § 1191(b), but rather § 1192 does. Section 1181(c)—titled "Special Rule for Discharge"—states, "If a plan is confirmed under section 1191(b) of this title, section 1141(d) of this title shall not apply, except as provided in section 1192 of this title."

Stated another way: the discharge provisions of § 1141(d) apply when the debtor confirms consensual plan under § 1191(a) but do not apply when the debtor confirms a nonconsensual plan under § 1191(b). In those cases, § 1192 governs the debtor's discharge instead of § 1141(d). *See, e.g.*, *In re Palmer Drives Controls & Sys., Inc.*, 657 B.R. 650, 654 (Bankr. D. Colo. 2024) ("The discharge of debt in consensual plans is governed by 11 U.S.C. § 1141(d). … For non-consensual plans, the statute governing discharge of debts is 11 U.S.C. § 1192."); *In re GFS Indus., L.L.C.*, 99 F.4th

---

[14] As to a creditor receiving untimely notice of a corporate debtor's Chapter 11 proceedings due process—rather than any provision of § 523(a)—may prevent discharge of debt. *See, e.g.*, *In re Spring Valley Farms,* 863 F.2d 832 at 834–35; *In re BFW Liquidation,* 471 B.R. 652 at 667–68.

223, 227 (5th Cir. 2024) ("If a debtor's bankruptcy plan is confirmed as a consensual plan under § 1191(a), the dischargeability of its debts is governed by § 1141(d). By contrast, GFS's plan was confirmed as a nonconsensual plan under § 1191(b), so the dischargeability of its debts is governed by § 1192.") (citation omitted) (citing 11 U.S.C. § 1181(a), (c)).

### D. Debtor's Plan Was Confirmed Under § 1191(a), Rather Than § 1191(b)

Plaintiff is correct that a discharge under section 1192 does not discharge § 523(a) debts. This is because such debts are specifically excepted from discharge by § 1192(2). *See* 11 U.S.C. section 1192(2) (providing for "a discharge of all debts provided in section 1141(d)(1)(A) … except any debt … of the kind specified in section 523(a)").

However, and as discussed above, § 1192 by its terms is limited specifically to debtors whose plan are confirmed under 11 U.S.C. § 1191(b): **"If the plan of the debtor is confirmed under section 1191(b)** of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, … **the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title**, … **except any debt … of the kind specified in section 523(a)** of this title."). 11 U.S.C. § 1192(2) (emphasis added).

As noted above, the Court confirmed the Debtor's plan pursuant to 11 U.S.C. § 1191(a), not § 1191(b). *See* Doc. 67, Case No. 24-10485-RMM, at 2 (stating "the Plan, as modified by the First Modification, is CONFIRMED in accordance with 11 U.S.C.

14

§ 1191(a)").[15] Plaintiff's reliance on § 1192 as a basis for asserting claims under § 523(a), therefore, is misplaced.

### E. Dismissal Is Appropriate

Because § 1192, and by extension the exceptions to discharge, do not apply to the Debtor, Plaintiff fails to state a claim upon which relief may be granted. Additionally, because any further amendment of the Complaint as to claims under § 523(a) would be futile, the Court dismisses the Complaint with prejudice as to claims under § 523(a). *See, e.g.*, *In re Luna Devs. Grp., LLC*, 618 B.R. 595, 598 (Bankr. S.D. Fla. 2020) ("And, because legal issues are dispositive here, any further amendment of the complaint would prove futile.").

### F. The Debtor's Alternative Arguments for Dismissal

As noted above, the Debtor advances two alternative arguments for dismissal. The Debtor contends that even assuming its plan was confirmed under § 1191(b) and § 1192 does apply to the Debtor, the Debtor still falls outside the scope of § 1192(2) because the § 523(a) discharge exceptions only apply to individual debtors, not to corporate debtors such as the Debtor. The Court acknowledges the vibrant debate over whether § 1192(2) either (a) makes the § 523(a) discharge exceptions applicable to any debtor who confirms a plan under § 1191(b), without regard to whether the

---

[15] "It is well-settled that court documents from the underlying bankruptcy case are subject to judicial notice in related adversary proceedings and related district court litigation." *In re Century City Drs. Hosp., LLC*, Adv. Proc. No 09-01101-SB, 2010 WL 6452903, at *12 (B.A.P. 9th Cir. Oct. 29, 2010). *See also, e.g.*, *In re Otoh*, No. 20-61779-BEM, 2020 WL 6226068, at *3 (Bankr. N.D. Ga. Oct. 22, 2020) ("On a motion to dismiss, the Court may properly take judicial notice of court papers filed in related litigation and in an underlying bankruptcy case in related adversary proceedings.") (citing *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989)), *aff'd sub nom. Otoh v. Barr*, No. 1:20-CV-4547-TCB, 2021 WL 1931514 (N.D. Ga. May 6, 2021).

debtor is a corporate entity or an individual, or (b) does not and was not intended to expand the universe of debtors subject to § 523(a) beyond individual debtors.[16]

This Court need not enter the debate at this time. Because the Debtor's plan was confirmed under § 1191(a), not § 1191(b), it is unnecessary to determine whether § 523(a) applies to a corporate debtor who confirms a plan under § 1191(b).

The Debtor also argues that this adversary proceeding is pointless because under § 1141(d)(3), a corporate debtor (such as the Debtor) who confirms a liquidation plan and stops operating a business (as did the Debtor) receives no discharge. While the Debtor may be correct that § 1141(d)(3) will prevent the Debtor from receiving a discharge, the Court cannot resolve the Motion to Dismiss on that basis. This is because determining whether § 1141(d)(3) applies requires inquiring into and resolving questions of fact. For example, § 1141(d)(3) applies when (among other circumstances) "the debtor does not engage in business after consummation of the plan." 11 U.S.C. § 1141(d)(3)(B). The Court cannot rule, as a matter of law and in resolving the merits of this adversary proceeding, that the Debtor has consummated

---

[16] *See, e.g.*, *In re Off-Spec Sols., LLC*, 651 B.R. 862, 865 (B.A.P. 9th Cir. 2023) ("Bankruptcy courts that have confronted the issue have uniformly concluded, as the court did here, that § 1192 does not make § 523(a) applicable to corporate debtors."); *In Re Ra Custom Design, Inc. v. Ra Custom Design, Inc.*, No. 23-58494-SMS, 2024 WL 607716, at *2 (Bankr. N.D. Ga. Feb. 13, 2024) ("The Ninth Circuit Bankruptcy Appellate Panel and several bankruptcy courts have reached the conclusion that § 1192 does not make § 523(a) applicable to corporate entities. The notable outlier is the Fourth Circuit Court of Appeals, which reversed a bankruptcy court to decide that § 1192 makes § 523(a) applicable to corporate entities."); *Avion Funding, L.L.C. v. GFS Indus, L.L.C. (In re GFS Indus., L.L.C.)*, 99 F.4th 223, 225–26 (5th Cir. 2024) ("The issue we address here is whether those discharge exceptions apply to both corporate and individual Subchapter V debtors (as the Fourth Circuit has ruled) or only to individual debtors (as some bankruptcy courts have ruled). Although the question is complicated by a certain textual awkwardness in the Bankruptcy Code, we ultimately side with the Fourth Circuit and rule that, in Subchapter V proceedings, both corporate and individual debtors are subject to the list of § 523(a) discharge exceptions.").

its plan.[17] The Court similarly cannot rule, as a matter of law and in resolving the merits of this adversary proceeding, that the "Reorganized Debtor" (as the plan refers to the post-confirmation Debtor) is "not engag[ing] in business" in acting pursuant to its plan, exercising powers granted by its plan, and discharging duties imposed by its plan. These are questions of fact to be resolved upon proof and thus can provide no basis for granting the Motion to Dismiss.

Accordingly, the Debtor's alternative arguments provide no basis for granting the Motion to Dismiss.

## VI. Conclusion

For the reasons stated above, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under § 523(a) and § 1192. The Court dismisses the Complaint with prejudice as to any claims under § 523(a). The Court will enter an order consistent with this opinion.

---

[17] The record in the Debtor's bankruptcy case, in fact, suggests the plan has *not* yet been consummated and is not likely to be consummated by the time this memorandum opinion is issued. *See* Debtor's Report of Projected Date of Substantial Consummation, Doc. 77, Case No. 24-10485-RMM (Jan. 16, 2025) (stating, in relevant part, that "Debtor has not yet begun making distributions under the Plan" and "debtor anticipates that substantial consummation will occur on or before February 28, 2025").